## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BLAKE WARNER,

     Plaintiff,

-vs-                              CASE NO.:

TRANS UNION LLC,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BLAKE WARNER (hereinafter "Plaintiff"), sues Defendant, TRANS UNION LLC ("Trans Union"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      The Plaintiff is a natural person and resident of Hillsborough County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.      Venue is proper in this District as Plaintiff resides within this District, the Defendant transact business within this District, and the violations described in this Complaint occurred in this District.

9.      Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

10.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.     Plaintiff is alleged to owe a debt to Verizon Wireless ("Verizon").

13.     Plaintiff does not owe any money to Verizon.

14.     On August 19, 2022, Plaintiff obtained a copy of his Trans Union credit report and upon review he became aware of Trans Union reporting the Verizon partial account number 3262065130****.  The account was being reported

with a remark that it was "placed for collection". Such inaccurate reporting negatively affected Plaintiff's credit score.

15.     Shortly thereafter, Plaintiff began to dispute with Trans Union online concerning the erroneous Verizon partial account number 3262065130****.

16.     Plaintiff felt defeated as the account continued to be reported despite his repeated disputes.

17.     On November 30, 2022, Plaintiff obtained a copy of his Trans Union credit report. Upon review, the Verizon partial account number 3262065130**** continued to be reported with the pay status of "Account Paid in Full was a Collection".  Plaintiff was surprised to see the account with such status as he never made any payments concerning the account. Additionally, when reviewing his November 2022 Trans Union credit report, it notated that the aforementioned account was disputed by the consumer.

18.     On January 4, 2023, Plaintiff mailed a written letter to Trans Union concerning the inaccurate reporting of the Verizon partial account number 3262065130****. Plaintiff reiterated that Plaintiff did not owe any money to Verizon. Included in the letter was an image of his driver's license to confirm his identity. Also, provided in the letter were images of his Trans Union credit report, email correspondences from Trans Union, a phone call transcript between Plaintiff and Verizon and an email dated September 14, 2022, confirming that Verizon was to notify the credit bureaus to remove the account from being reported.

4

19.     Plaintiff mailed the dispute letter to Trans Union via USPS Certified Mail 9214 8901 4298 0476 9900 66.

20.     Despite USPS delivery confirmation, Trans Union failed to respond to Plaintiff concerning his dispute.

21.     On January 24, 2023, due to the lack of response from Trans Union, Plaintiff mailed another detailed dispute letter. Plaintiff continued to affirm to the Defendant that he did not owe any money to Verizon. Included in the letter was an image of his driver's license to confirm his identity. Also, provided in the letter were images of his Trans Union credit report, email correspondences from Trans Union, a letter from Trans Union dated January 23, 2023, a phone call transcript between Plaintiff and Verizon and an email dated September 14, 2022, confirming that Verizon was to notify the credit bureaus to remove the account from being reported.

22.     Plaintiff mailed the dispute letter to Trans Union via USPS Certified Mail 9214 8901 4298 0477 7230 21.

23.     Again, despite USPS delivery confirmation, Trans Union failed to respond to Plaintiff concerning his dispute.

24.     On April 5, 2023, due to the lack of response from Trans Union, Plaintiff mailed another detailed dispute letter. Plaintiff continued to affirm to the Defendant that he did not owe any money to Verizon. Included in the letter was an

image of his driver's license to confirm his identity. Also, provided in the letter were images of his Trans Union credit report, email correspondences from Trans Union, a letter from Trans Union dated February 1, 2023, a phone call transcript between Plaintiff and Verizon and an email dated September 14, 2022, confirming that Verizon was to notify the credit bureaus to remove the account from being reported.

25.     Plaintiff mailed the dispute letter to Trans Union via USPS Certified Mail 9214 8901 4298 0481 0398 35.

26.     On May 9, 2023, Plaintiff obtained a copy of his Trans Union credit report. Despite numerous disputes, the Defendant continued to report the Verizon partial account number 3262065130**** with the pay status of "Account Paid in Full was a Collection".  Additionally, when reviewing his May 2023 Trans Union credit report, it notated that the aforementioned account was disputed by the consumer.

27.     The Defendant has never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of this Complaint.

28.     Trans Union has not conducted an actual investigation despite Plaintiff's pleas and instead repeatedly verified the inaccurate information it is reporting or ignored Plaintiff's disputes altogether.

29.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i. Monies lost by attempting to fix his credit;

    ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant actions;

    iv. Reduction in credit score;

    v. Apprehensiveness to apply for credit due to the fear of rejection;

   vi. Defamation as Trans Union published Plaintiff's inaccurate information to third party entities.

## <u>CAUSES OF ACTION</u>

### <u>COUNT I</u>
### Violations of 15 U.S.C. § 1681e(b)- As to Defendant, Trans Union

30.    Plaintiff re-alleges and incorporates paragraphs one through twenty-nine above as if fully set forth herein.

31.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

32.    As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

33.    Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

34.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Trans Union, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of 15 U.S.C. § 1681i- As to Defendant, Trans Union

35.    Plaintiff re-alleges and incorporates paragraphs one through twenty-nine above as if fully set forth herein.

36.    Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

37.    Plaintiff repeatedly provided Trans Union with the information it needed to confirm that the account did not belong to Plaintiff, including but not limited to an email from Verizon confirming the account was inaccurately being reported and relevant supporting documents. Trans Union ignored this information and instead chose to simply verify the information furnished by Verizon without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

38.    As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

39.    Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

40.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 19th day of May 2023.

Respectfully Submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*